Dear Mr. Hay:
In response to your recent correspondence, note first that the law does not prohibit a police jury member from using a parish owned vehicle to "handle official duties" and "check road complaints". In fact, the law contemplates this scenario, and provides pertinently in R.S. 33:1233A(2)(a):
 (2)(a) Members of the police juries are authorized to receive compensation not to exceed fifty dollars per day and the same mileage allowance as provided to state elected officials going to and from the courthouses in their respective parishes for every day they are actually employed in the service of the parish and for travel outside of the parish on parish business. Mileage shall be charged for each day of attendance at each session of the police jury to be paid out of funds of the several parishes on the warrant of the president, provided however, that if a juror has use of a parish owned vehicle for the conduct of official business, the mileage compensation shall not be paid. (Emphasis added).
While a police juror may use the parish vehicle to conduct official business, he may not be compensated for travel mileage in such instance.
In further response to the questions submitted to us in your letter, note that R.S. 33:1236.1 authorizes the police jury to employ a parish manager and an assistant parish manager. The statute provides:
 § 1236.1 Power to employ parish manager and assistant parish manager
 The police juries shall have the power and authority to employ a parish manager and an assistant parish manager and to fix their salaries for a term not to exceed that of the police jury, who shall be registered voters in the parish and who may be members of that body, provided that if a member of the police jury be employed as parish manager or assistant parish manager upon a stipulated compensation, such compensation shall be offset by the per diem provided for police jurors under R.S. 33:1233. (Emphasis added).
As quoted above, the statute permits a police jury member to be employed as parish manager or as the assistant parish manager.
Further, R.S. 42:66(E) of the Louisiana Dual Officeholding and Dual Employment Laws specifically provides the following exemption:
 "Nothing in this part shall be construed to prevent or prohibit an elected police juror from being employed as a parish manager or assistant parish manager as authorized by Section 1236.1 of Title 33 of the Louisiana Revised Statues of 1950."
Finally, the Parish Manager may issue instructions to the Highway Director and the Solid Waste Director if those parish employees are subordinate to him.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams